## In re PETITION OF JAMES R. WALTER.

### APPEALABLE INTERLOCUTORY ORDERS.

An appeal from an order of a special term of the Supreme Court of the District of Columbia, vacating a prior order, dismissing an action at law for want of prosecution, is not such an appeal as is contemplated by Sec. 7 of the act of Congress of February 9, 1893, 27 Stats., 434, providing for the allowance of appeals to this court from certain interlocutory orders of the Supreme Court of this District.

No. 231.   Submitted June 6, 1893.—Decided September 21, 1893.

HEARING on a petition for the allowance of an appeal from an interlocutory order of the Supreme Court of the District of Columbia, vacating a prior order dismissing an action at law for want of prosecution.   *Dismissed.*

THE FACTS appear in the opinion.

*Mr. John Johns* for the petitioner.

The CHIEF JUSTICE delivered the opinion of the Court:

This court is applied to for the exercise of its discretion and the allowance of an appeal from a ruling or order made by the Supreme Court of the District of Columbia, at special term, whereby an order of dismissal of an action at law therein has been vacated or set aside, and the action reinstated on the docket of the court to be tried.   It is alleged in the petition that the declaration in the action had been demurred to by the defendant, and the demurrer sustained; whereupon the plaintiff obtained leave to amend within ten days; but making default, the action was dismissed by the court, at special term, for want of prosecution.   That after the term of the court had expired, and without amendment made, upon motion of the plaintiff, the order of dismissal was vacated and set aside and the case reinstated on the docket of the court. In this it is alleged there was error.

It is under Section 7 of the act of Congress, approved February 9, 1893, providing for the organization of this court, that the application is made. That section provides that "Appeals shall be allowed to said Court of Appeals from all interlocutory orders of the Supreme Court of the District of Columbia, or by any justice thereof, whereby the possession of property is changed or affected, such as orders for the appointment of receivers, granting injunctions, dissolving writs of attachment, and the like; and also from any other interlocutory order, *in the discretion of said Court of Appeals, whenever it is made to appear to said court upon petition that it will be in the interest of justice to allow such appeal."*

It is clear, we think, that the statute does not contemplate appeals in such a case as that presented by this petition. It is only from interlocutory orders that may affect rights of property or rights of persons, and where serious damage or injury may result before an appeal can be prosecuted from the final judgment or decree that may be entered, or where the reversal of the judgment, order, or decree, on appeal allowed by the statute, would not afford an adequate remedy, that an appeal should be allowed from interlocutory orders by the permission of the court, under the discretionary clause of the statute. The court must see that there is danger of substantial wrong and injury being done, and that to allow the appeal " will be in the interest of justice," before causing the proceedings of the court below to be arrested and delayed, by the prosecution of an appeal from a mere interlocutory order. Ordinarily, and especially in proceedings at law, mere interlocutory orders determine nothing as to the merits of the litigation; and the order here, reinstating the case, without saying whether it was regular or irregular, determined no question involving the justice or merits of the case, and therefore presents no cause for an appeal. To allow appeals from such orders would operate as an obstruction of justice, and be attended with no substantial good, but, on the contrary, would multiply litigation, and add costs and delay where expedition should be encouraged. Mere

technical objections in matters of procedure should not ordinarily form the ground of appeal unless shown to work substantial injury to the party objecting.

The application for an appeal is denied, and the petition dismissed.

*Petition dismissed.*